# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

(United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130)

Ronald Satish Emrit,
    Plaintiff (Pro Se)

v.

Florida Department of Law Enforcement (FDLE), Broward County State Attorney's Office (SAO), Broward County Attorney, & City of Fort Lauderdale Attorney, Florida Attorney General Ashley Moody
    Defendants

C. A. No.:

23-01219
SECT.HMAG.2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the five co-defendants looking for an injunction or declaratory judgment as a form of prior restraint regarding the plaintiff's other lawsuits in the state of Florida since 2021. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

TENDERED FOR FILING

APR 1 0 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1.) Please note that the Florida Department of Law Enforcement (FDLE) has nothing to do with former **Florida Secretary of State Ken Detzner in 2015** sending a letter to the plaintiff's address on Townwall Street in Las Vegas, NV (Clark County) in which this letter is entered as an exhibit in PACER as part of this pleading, and the FDLE also has nothing to do with **EBT/SNAP** benefits received by plaintiff from **Florida DCF in Ocala, Florida** in the approximate amount of $30/month (adjusted most recently for **cost-of-living-adjustments and disability payments**) and the FDLE has nothing to do with the plaintiff receiving **Florida Medicaid as secondary insurance** to the primary insurance of Medicare and the FDLE has nothing to do with the plaintiff's **previous lawsuit against Governor Rick Scott** and Broward County in which <u>**Judge Robin Rosenbaum of the Eleventh Circuit invoked the Rooker-Feldman Doctrine**</u> regarding the decision of the now-retired **Judge Susan Greenhawt of Seventeenth Judicial District** of Broward County appealed to **4th DCA in Palm Beach COunty** with Larry Birkhead's attorney (**Nancy Hass**) and doctor (**Dr. Michael Baird**) in a DNA paternity test notarized by **Glenda Sturtevant of Ohio**. Nevertheless, Pursuant to **Rule 57 of Federal Rules of Civil Procedure (FRCP)**, the plaintiff is looking for a **declaratory judgment** in which the federal courts declare that Florida Department of Law Enforcement (FDLE) has nothing to do with the plaintiff's previous lawsuits against Miami Police Department from 2021 in Southern Florida presided over by Judge Beth Bloom which is part of the plaintiff's ongoing narrative to obtain an annulment from Sabine Jules in the federal court system rather than local family law courts in the Seventeenth Judicial District of Broward County, Florida.

1.) Likewise, the plaintiff is looking for a declaratory judgment in which the federal courts declare that Florida Department of Law Enforcement (FDLE) has nothing to do with the plaintiff's previous lawsuit against Fort

Lauderdale Police Department from 2022 in Southern Florida presided over by Judge Rodolfo Ruiz which is part of the plaintiff's ongoing narrative to obtain an annulment from Sabine Jules in the federal court system rather than local family law courts in the Seventeenth Judicial District of Broward County, Florida.

2.) Finally, the plaintiff is looking for a declaratory judgment in which the federal courts declare that Florida Department of Law Enforcement (FDLE) has nothing to do with the plaintiff's previous lawsuits against Sabine JUles from this year in 2023 in Southern Florida, Northern Florida, and NOrthern Georgia (Gainesville) also presided over by Judge Rodolfo Ruiz which is part of the plaintiff's ongoing narrative to obtain an annulment from Sabine Jules in the federal court system rather than local family law courts in the Seventeenth Judicial District of Broward County, Florida.

3.) As an alternative, the plaintiff is seeking the equitable remedy of a preliminary injunction pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) in which the Florida Department of Law Enforcement (FDLE) is precluded and/or enjoined from interfering with the plaintiff's civil litigation against the Miami Police Department (2021), Fort Lauderdale Police Department (2022), and Sabine Jules (2023) which are all part of the plaintiff's ongoing narrative to obtain an annulment from Sabine Jules in the federal court system arguing the stare decisis and/or persuasive precedent of **_Loving v. Virginia_** establishing the plaintiff's substantive and procedural due process rights according to the Fifth and Fourteenth Amendments and Equal Protection rights according to **_Brown v. Board of Education_** overturning **_Plessy v. Ferguson_** (separate but equal).

## II.) PARTIES TO THIS LITIGATION

4.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida. His current mailing address is 6655 38th Lane East, Sarasota, FL

34243. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

6.) The first defendant is the Florida Department of Law Enforcement (FDLE). The plaintiff can provide the mailing address and contact information for the second defendant if and only if (iff) the court orders service of process through U.S. Marshals and Form USM-285 as opposed to service of process through publication in a local newspaper.

7.) The second defendant is the Broward County State Attorney's Office. The plaintiff can provide the mailing address and contact information for the second defendant if and only if (iff) the court orders service of process through U.S. Marshals and Form USM-285 as opposed to service of process through publication in a local newspaper.

8.) The third defendant is the Broward County Attorney. The plaintiff can provide the mailing address and contact information for the second defendant if and only if (iff) the court orders service of process through U.S. Marshals and Form USM-285 as opposed to service of process through publication in a local newspaper.

9.) The fourth defendant is the City of Fort Lauderdale Attorney. The plaintiff can provide the mailing address and contact information for the second defendant if and only if (iff) the court orders service of process through U.S. Marshals and Form USM-285 as opposed to service of process through publication in a local newspaper.

10.) The fifth defendant is the Attorney General Ashley Moody. The plaintiff can provide the mailing address and contact information for the second defendant if and only if (iff) the court orders service of process through U.S. Marshals and Form USM-285 as opposed to service of process through publication in a local newspaper.

### III.) JURISDICTION AND VENUE

11.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to

provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

12.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

13.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Southern Georgia (as an Article III court) has jurisdiction over this matter even though there is no diversity of jurisdiction between the Plaintiff and the three defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

14.) As an Article III court, the U.S. District Court for the District of Southern Georgia also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

15.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

16.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

17.) Furthermore, the amount in controversy exceeds $75,000 (i.e. $200,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

### IV.) STATEMENT OF FACTS

18.) The plaintiff filed a lawsuit against Miami Police Department in 2021 in SOuthern Florida alleging that the Miami Police Department was negligent in responding to the plaintiff's complaints about the brother of Sabine Jules, i.e. Gregory Legagneur and comments that he made at Plantation General Hospital

which the plaintiff was going to file a complaint with Florida Department of Children and Families (DCF) before deciding that he would just get a divorce and move on with his life.

19.) The plaintiff filed a lawsuit against Fort Lauderdale Police Department in 2022 in which the plaintiff was trying to get an annulment from his former spouse Sabine Jules by filing this lawsuit against the city of Fort Lauderdale without having to file a lawsuit directly against his former spouse who has not bothered the plaintiff because he and his former spouse have not been in each other's presence since the year 2007 at the Stonegate neighborhood of Silver Spring, Maryland at the house of Roger Haynes who was involved in a divorce from the plaintiff's sister Lisa Leahy.

20.) Accordingly, the plaintiff believed in "good faith" that he had standing, causation, and redressability, to file a lawsuit against Fort Lauderdale Police Department with the rebuttable or irrebuttable presumption that the Fort Lauderdale Police would be the liaison to communicate with Sabine Jules about child support and custody issues after Judge Susan Greenhawt issued an approximately $15,000 child support order upon the plaintiff in which income was imputed on the plaintiff despite his disability of bipolar disorder.

21.) Furthermore, the plaintiff's former spouse requested "supervised visitation" presumably because the plaintiff has bipolar disorder and once again there is a rebuttable or irrebuttable presumption that the Fort Lauderdale Police Department would be the agency involved with supervised visitation although the courts favor shared parental responsibility when a marriage can be shown to be irretrievably broken.

22.) The plaintiff's first divorce attorney was Thomas Austin, Esquire of Hollywood, Florida.

23.) The plaintiff's second divorce attorney was Bennett Oppenheimer of Oakland Park, Florida who the plaintiff argues violated the plaintiff's Sixth Amendment right to the effective assistance of counsel by criticizing the plaintiff and his mother in a transcript from a court proceeding which the plaintiff could not attend because he was in Maryland (citing the stare decisis of **_Gideon v. Wainwright_**).

24.) The plaintiff's third and fourth divorce attorneys were Sandy Fox of Aventura, Florida in addition to Nancy Hass of Hallandale Beach, Florida who filed an appellate brief on behalf of the plaintiff in the 4th DCA in Palm Beach, Florida and also was one of the attorneys for Larry Birkhead of Kentucky in the Anna Nicole Smith/Danielynne paternity test issues involving Howard K. Stern.

25.) The plaintiff's fifth divorce attorney was William Zimmerman of Deerfield Beach, Florida who was able to get Judge Susan Greenhawt to successfully sign an order terminating the plaintiff's parental rights in 2009.

26.) The divorce attorneys for the plaintiff's spouse Sabine Jules were Nadine Girault, Esquire of 4804 Commercial Boulevard in Tamarac, Florida who is now one of the Broward County public defenders and Lawrence J. Shapiro of Miami, Florida.

## V.) COUNT ONE: VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)

27.) Although the defendants have not yet committed any violations of the Americans with Disabilities Act of 1990 (ADA) as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (***New York Times v. United States***).

28.) More specifically, the "Pentagon Papers" case involved the concept of prior restraint in which the courts could preclude and/or enjoin the government from blocking the publication of de-classified information substantially similar to ***Snepp v. United States*** in which a constructive trust was imposed by the Central Intelligence Agency (CIA) on one of its former employees publishing a declassified book about his experiences during the Vietnam War.

29.) As such, this involves a justiciable case or controversy which is ripe for adjudication and not moot and does not involve a non-justiciable political question, the rendering of an advisory opinion, ex post facto law, or bill of attainder.

30.) To clarify and reiterate, the plaintiff merely wants the courts to issue a

declaratory judgment and/or preliminary or permanent injunction which would preclude and/or enjoin any of the defendants from getting involved in the plaintiff's federal lawsuits against Miami Police Department (2021), Fort Lauderdale Police Department (2022), or Sabine Jules (2023) in which the plaintiff is merely trying to get a "federal annulment" as a legal declaration to a woman who is not his type according to a broad interpretation of **_Loving v. Virginia,_** supra.

31.) More specifically, the plaintiff argues that he has the freedom of association to get married to a Caucasian woman from the Ukraine (Maria Cherniavska of Kharkiv or Darya Ignateva of Kyiv, UKraine (dentist)) and to have this future marriage be the only legally recognized married regarding his life story (in which the 2006 divorce is superseded by an annulment).

32.) Furthermore, the plaintiff has the Fourth Amendment right to privacy (citing **_Katz v. United States_**) to get married to a Caucasian woman from the Ukraine and have that be his only legally-recognized marriage and also this would involve the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments.

33.) As a natural extension, the plaintiff also argues that the Thirteenth Amendment nullifying slavery and the Emancipation Proclamation protect his ability to have one legally-recognized marriage to a Caucasian woman from the Ukraine in addition to the landmark case of **_Loving v. Virginia_**, supra.

34.) Accordingly, the court can take judicial notice pursuant to Rule 201 of Federal Rules of Evidence (FRE) that the plaintiff is related to Captain of Battle of Gettysburg who was a runaway slave from Fauquier County, Virginia and appointed as the first black judicial officer in Washington by Presidents Rutherford B. Hates, Grover Cleveland, and James Garfield on the recommendation of the abolitionist Frederick Douglass and Senator Charles Sumner (D- Massachusetts).

### V.) COUNT TWO: INVASION OF PRIVACY THROUGH FALSE LIGHT

35.) Although the defendants have not yet committed the invasion of privacy through false light as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (**_New York Times v. United_**

*States*).

### VI.) COUNT THREE: DEFAMATION (SLANDER)

36.) Although the defendants have not yet committed libel or slander as defamation as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (*New York Times v. United States*).

### VII.) COUNT FOUR: NEGLIGENCE

37.) Although the defendants have not yet committed the tort of negligence as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (*New York Times v. United States*).

### VIII.) COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

38.) Although the defendants have not yet committed the intentional infliction of emotional distress (IIED) as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (*New York Times v. United States*).

### IX.) COUNT SIX: VIOLATION OF EQUAL PROTECTION CLAUSE

39.) Although the defendants have not yet committed any violations of the Equal Protection Clause as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (*New York Times v. United States*).

### X.) COUNT SEVEN: VIOLATION OF DUE PROCESS CLAUSE

40.) Although the defendants have not yet committed any violations of the Due

Process Clause as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (***New York Times v. United States***).

## XI.) COUNT EIGHT: VIOLATION OF PRIVILEGES AND IMMUNITIES CLAUSE

41.) Although the defendants have not yet committed any violations of the Privileges and Immunities Clause (Article IV, Section 2, Clause 1) as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (***New York Times v. United States***).

## XII.) COUNT NINE: VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964

42.) Although the defendants have not yet committed a violation of Title VII of Civil Rights Act of 1964 as of the time of this pleading, the plaintiff argues that he has still has standing, causation, and redressability to bring this cause of action under a broad interpretation of The Pentagon Papers case (***New York Times v. United States***).

## XIV.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is not seeking monetary or pecuniary damages and is only seeking the equitable remedy of an injunction pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) or in the alternative a declaratory judgment pursuant to Rule 57 of Federal Rules of Civil Procedure (FRCP). In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The defendants should be precluded and/or enjoined from getting involved in any way, shape, or form with the plaintiff's civil litigation from 2021 against Miami Police Department part of the plaintiff's ongoing narrative to obtain a "federal annulment" from Sabine Jules citing ***Loving v. Virginia***, supra.

B.) The defendants should be precluded and/or enjoined from getting involved in any way, shape, or form with the plaintiff's civil litigation from 2022 against Fort Lauderdale Police Department part of the plaintiff's ongoing narrative to obtain a "federal annulment" from Sabine Jules citing ***Loving v. Virginia***, supra.

C.) The defendants should be precluded and/or enjoined from getting involved in any way, shape, or form with the plaintiff's civil litigation from 2023 against Sabine Jules part of the plaintiff's ongoing narrative to obtain a "federal annulment" from Sabine Jules citing ***Loving v. Virginia***, supra.

D.) As a logical extension, the defendants should be precluded and/or enjoined from getting involved in any way, shape, or form with the plaintiff's civil litigation from 2023 against University of Miami School of Law presided over by Judge Beth Bloom and Judge Robert Scola or the plaintiff's litigation in 2021 against Saint Thomas University School of Law arguing violation of Title VII of Civil Rights Act of 1964 through racial profiling even though Saint Thomas University is not a "state actor" as a private Catholic institution.

Respectfully submitted,

*[signature]*

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

Satish Emmit
655 38th Lane East
Sarasota, Florida 34243

Attn: Clerk of the Court
U.S. District Court of
Eastern Louisiana
500 Poydras Street
New Orleans, LA 70130

